Case 5:15-cv-02055-VAP-DTB   Document 1   Filed 10/06/15   Page 1 of 13   Page ID #:1

Janice M. Bellucci, Esq., SBN 108911
LAW OFFICES OF JANICE M. BELLUCCI
235 East Clark Avenue, Suite C
Santa Maria, California 93455
Tel:  (805) 896-7854
Fax:  (805) 349-8872
JMBellucci@aol.com

Attorney for Plaintiff FRANK LINDSAY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK LINDSAY, an individual, | Case No.: |
| Plaintiff, | |
| vs. | **VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| CITY OF MURRIETA, an incorporated California Municipality; and DOES 1 to 10, inclusive, | **[42 U.S.C. Section 1983]** |
| Defendants. | |

## INTRODUCTION

1.  This civil rights action challenges the entirety of Title 9, Chapter 9.25 of the City of Murrieta Municipal Code (the "Murrieta Residency Restrictions" or "the Ordinance") in that, on their face and as applied, the Murrieta Residency Restrictions violate the Fifth and Fourteenth Amendments to the United States Constitution, the Ex Post Facto Clause of the United States Constitution, and are unconstitutionally vague and overbroad as more specifically alleged herein.

---
1
**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## JURISDICTION AND VENUE

2. This court has jurisdiction over this action under 28 U.S.C. Sections 1331, 1343(a), and 2201, as well as pursuant to 42 U.S.C. Section 1983.

3. Under 28 U.S.C. Section 1391(b), venue is proper in this Federal district because defendant is a municipality in this district and the events giving rise to the claims have occurred and continue to occur in this district.

## PARTIES

4. Plaintiff Frank Lindsay is and at all times material to this action was a resident of the State of California as well as a citizen of the United States. Plaintiff is required to register as a sex offender pursuant to Section 290 of the California Penal Code due to a conviction in 1979 involving a child and is not on parole or probation. Plaintiff conducts business within and near the City of Murrieta and desires to establish a lawful residence in that city but is prohibited from doing so due to the Ordinance, including but not limited to its penalties, which include incarceration and/or fines.

5. The City of Murrieta (the "City" or "Defendant") is an incorporated city located in Riverside County, California. The City adopted the City Ordinances at issue here through the five-member Murrieta City Council and enforces such ordinances through the Chief of Police of the City of Murrieta.

6. The true names and capacities of Defendants sued as Does 1 through 10 are unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Plaintiff will seek leave to amend this Complaint, if necessary, to reflect the true names once they have been ascertained.

7. The City and Does 1 through 10 are collectively referred to herein as "Defendants."

## FACTS

8. The City Council of Murrieta adopted Ordinance 442 in 2010, which was subsequently codified as City of Murrieta Municipal Code, Title 9, Chapter 9.25,

Sections 9.25.010 through 9.25.060, entitled "Murrieta Sex Offender Residency Ordinance." This Ordinance went into effect on or about October 19, 2010.

9. As enacted, the Ordinance prohibits sex offenders (hereinafter "Registrants") from residing within a "prohibited location", defined as areas "within two thousand (2,000) feet of the nearest property line of any" "child day care center, park, or school[,] and any location where residency is prohibited by California Penal Code section 3003.5." Ordinance §§ 9.25.030-040.

10. The Ordinance defines a "child day care center" as a facility described in "section 16.44.050.A(3) of [the Murrieta Municipal] Code and shall not include small family day-care homes or large family day-care homes as defined at sections 16.44.050.A(1) and (2)." *Id*. § 9.25.030. Section 16.44.050.A(3) of the Murrieta Municipal Code refers to "Child Day-care Centers (Fifteen (15) or More Children)" and related zoning provisions. Section 16.44.050.A(1) of the Murrieta Municipal Code defines "Small Family Day-care Homes" as those with "Eight or fewer children [] Allowed within a single-family residence located in a residential zoning district, with no city land use permits or clearances required." Section 16.44.050.A(2) of the Murrieta Municipal Code defines "Large Family Day-care Homes" as those with "Nine to fourteen (14) Children" [] Allowed within a single-family residence located in a residential zoning district . . . ."

11. The Ordinance defines a "Park" as "an open space intended for recreational use." Ordinance § 9.25.030.

12. The Ordinance defines "School" as "the buildings and ground of any public or private school used for the education of children in kindergarten or in grades 1 through 12, inclusive." *Id*.

13. The Ordinance defines a "Sex Offender" as "any person for whom registration is required pursuant to Section 290 of the California Penal Code and for

whom registration is required as a result of a conviction involving an offense involving a child [*sic*], regardless of whether that person is on parole or probation." *Id*.

14. The Ordinance defines "Child" as "a person under the age of eighteen (18) years." *Id*.

15. On information and belief, the City adopted a map entitled "290 Restricted Areas," which designates the "Protected Locations" under the Ordinance and outlines the 2,000-foot exclusion zones surrounding the property line of each Protected Location within which Registrants may not reside. This map is attached hereto as Exhibit A.

16. On information and belief, as evidenced by Exhibit A, over ninety percent (90%) of residential property in the City is included within the Murrieta Residency Restrictions. Of the five extreme ends of the City left untouched by the Murrieta Residency Restrictions, the majority of parcels are zoned for commercial use, office space, open space, or some other non-residential use.

17. The majority of the residential parcels that lie outside of the Murrieta Residency Restrictions are zoned for single-family homes and are not affordable. Significantly, on information and belief, the vast majority of affordable, multi-family parcels in the City are likewise included within the Murrieta Residency Restrictions and therefore unavailable to Registrants. On information and belief, approximately five percent (5%) of the multi-family housing in the City is potentially available to house Registrants under the Murrieta Residency Restrictions.

18. Upon information and belief, the multi-family housing left available to Registrants under the Murrieta Residency Restrictions is not affordable. In *In re Taylor*, the California Supreme Court considered $850 per month to be the maximum monthly rate for "affordable" housing in the context of sex offender residency restrictions. 60 Cal. 4th 1019, 1030 (2015). Upon information and belief, the median gross monthly rent

4
**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

in Murrieta exceeds $1,500.[1] Therefore, in order to comply with the Murrieta Residency Restrictions, virtually all Registrants cannot "reside" within the City of Murrieta because there is no affordable residential real estate available to them.

19. On information and belief, the Murrieta Residency Restrictions are at least as restrictive, if not more restrictive, than the residency restrictions ruled unconstitutional by the *Taylor* Court. For example, upon information and belief, the City's population density is approximately 3,100 persons per square mile.[2] By comparison, the population density of San Diego County, California, which was considered by the *Taylor* court, is 680 persons per square mile,[3] indicating that the Murrieta Residency Restrictions have an even greater impact on the Registrant population than the residency restrictions struck down in *Taylor*.

20. The penalties for any violation of the Ordinance are significant and include a misdemeanor publishable "by a fine not exceeding one thousand dollars ($1,000.00) or by imprisonment for a term not exceeding six months, or by both such fine and imprisonment." Ordinance § 9.25.060; Murrieta Municipal Code § 1.32(B). The Murrieta Residency Restrictions further provide that "[a] person is guilty of a separate offense for <u>each and every day</u> during which a violation occurs." Ordinance § 9.25.060 (emphasis added).

21. By definition, the Murrieta Residency Restrictions do not apply to anyone who is not required to register as a sex offender pursuant to Penal Code section 290.

22. Furthermore, the Murrieta Residency Restrictions, by their terms, do not apply to Registrants who established a residence before the effective date of the Ordinance. Ordinance § 9.25.050(A). The Murrieta Residency Restrictions, by their

---

[1] http://www.city-data.com/city/Murrieta-California.html#ixzz3nM98Bf3s. See also City of Murrieta Official website, "Demographics", at http://www.murrieta.org/cityhall/ed/demographics.asp#.Vg7fl-xViko. ("Murrieta is a young, on-the-go affluent community" with an "average family income of over $110,000.")
[2] See http://quickfacts.census.gov/qfd/states/06/0650076.html.
[3] See http://quickfacts.census.gov/qfd/states/06/06073.html.

**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

terms, also do not apply to Registrants who established a residence before the effective date of Section 3003.5(b) of the California Penal Code. *Id.* § 9.25.050(B). Finally, the Murrieta Residency Restrictions do not apply to Registrants who "established [their] residency prior to the initial operation of the prohibited location." *Id.* § 9.25.050(C). Accordingly, Registrants who have maintained the same residence since the effective dates of either the Murrieta Residency Restrictions or Section 3003.5(b) of the California Penal Code are not subject to the Ordinance. However, a Registrant who seeks to move to from his/her original residence to a different residence within the City is subject to the Murrieta Residency Restrictions.

23. Plaintiff Frank Lindsay conducts business in and around the City of Murrieta and therefore wishes to relocate to that city. However, there is no location where Plaintiff can lawfully reside that is both available and affordable.

24. Because the City of Murrieta continues to enforce the Murrieta Residency Restrictions in a manner that prohibits Plaintiff and all Registrants convicted of a sex offense involving a child who currently reside outside of Murrieta from acquiring a residence in Murrieta, the Murrieta Residency Restrictions accomplish the unconstitutional goal of banishment, do not serve any legitimate government purpose, and are not appropriately tailored or related to any professed or lawful purpose.

25. Because the City of Murrieta continues to enforce the Murrieta Residency Restrictions in a manner that prohibits Registrants who already reside within Murrieta from moving to a new residence within that city, the Murrieta Residency Restrictions accomplish the unconstitutional goal of banishment, do not serve any legitimate government purpose, and are not appropriately tailored or related to any professed or lawful purpose.

26. California's Proposition 83, also known as "Jessica's Law" (effective November 6, 2006), as codified in subsections (b) and (c) of California Penal Code Section 3003.5, authorizes local governments to enact ordinances that further restrict the

residency of any Registrant provided they are consistent with the constitutions of the United States and the State of California. (See California Penal Code § 3003.5 (c).) However, the California Supreme Court has ruled that residency restrictions may not be imposed upon sex offenders in a manner that deprives them of their constitutional rights and liberty interests, including their right to be free from arbitrary, oppressive, and unreasonable laws that bear no rational relationship to the state's goal of protecting residents. *In re Taylor*, 60 Cal. 4th 1019, 1042 (2015).

27. The Murrieta Residency Restrictions subject Registrants in the City to arbitrary, oppressive, and unreasonable governmental action in that they are blanket proscriptions applied to all affected Registrants without regard to the particularized circumstance of each individual. See *Taylor*, 60 Cal. 4th at 1042.

28. The Murrieta Residency Restrictions bear no rational relationship to any legitimate governmental purpose in that they contradict and hamper the objectives of Jessica's Law; fail to protect the public; and deprive Registrants of stable homes, family support, social and medical services, and other means necessary to live productive, law-abiding lives. See *Taylor*, 60 Cal. 4th at 1042 (Blanket enforcement of residency restrictions "cannot survive rational basis scrutiny because it has hampered efforts to monitor, supervise, and rehabilitate [Registrants] in the interests of public safety, and as such, bears no rational relationship to advancing the state's legitimate goal of protecting children . . . ."). See also *Doe v. City of Lynn*, SJC-11822, 2015 Mass. LEXIS 620, at *18 & n.15 (Aug. 28, 2015) (As a supervised and stable home has been recognized as a factor that minimizes the sex offender's risk of reoffense, th[e] disruption [imposed by residency restrictions] is inconsistent with the Legislature's goal of protecting the public." (citing *In re Taylor*, 60 Cal. 4th 1019 (2015)). This consensus is also manifested by the very agency charged with setting sex offender policy in California. See Generally CALIFORNIA SEX OFFENDER MANAGEMENT BOARD, HOMELESSNESS AMONG CALIFORNIA'S REGISTERED OFFENDERS – AN UPDATE (Aug. 2011), at 26

("CONCLUSIONS. Based on all that is known about sex offender recidivism and the nature of most sex offenses involving children, there is no evidence that residency restrictions are related to preventing or deterring sex crimes against children. To the contrary, the evidence strongly suggests that residency restrictions are likely to have the unintended effect of increasing the likelihood of sexual re-offense.").[4]

29. Defendant has expended, is expending, and/or will expend public funds on enforcing, preparing to enforce, and/or attempting to enforce the Murrieta Residency Restrictions. Defendant has a mandatory duty to refrain from expending public funds on enforcing, preparing to enforce, and/or attempting to enforce the Murrieta Residency Restrictions because they are invalid and unconstitutional.

30. In addition, while the Murrieta Residency Restrictions do not by their terms impose burdens on persons other than Registrants, the Murrieta Residency Restrictions, as applied, may impose the burdens upon family members of Registrants and upon others who reside with or wish to reside with Registrants, with the exceptions as previously defined.

31. Defendant lacks either a compelling or substantial legitimate governmental interest in restraining the civil liberties of Registrants in the manner expressly provided by the Murrieta Residency Restrictions.

32. In addition, the Murrieta Residency Restrictions are not the least restrictive means to further any compelling or substantial governmental interest, and specifically to protect children as the Murrieta Residency Restrictions purport.

33. Further, the Murrieta Residency Restrictions fail to pass constitutional muster because their restrictions are not sufficiently narrowly tailored to serve a legitimate government interest.

---

[4] http://www.casomb.org/docs/Residence_Paper_Final.pdf.

**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

34. The Murrieta Residency Restrictions are overly broad and burdens substantially more constitutionally protected conduct than is necessary to further any legitimate governmental interest.

35. The Murrieta Residency Restrictions are vague and fail to provide sufficient notice of the conduct prohibited or allowed by Registrants so that they may conform their conduct to the requirements of the law and thereby prevent arbitrary and discriminatory enforcement.

36. Finally, the Murrieta Residency Restrictions are an arbitrary, politically motivated act imposed by a local government in response to popular sentiments, based upon misinformation, which seeks retribution against Registrants who constitute a socially outcast minority. The Murrieta Residency Restrictions also lend themselves to discriminatory enforcement as well as the suppression of the constitutional rights of Registrants as well as individuals who travel with them, including spouses and family members.

37. For the reasons stated above, the Murrieta Residency Restrictions are in violation of the First, Fifth and Fourteenth Amendments, the Ex Post Facto Clause of the United States Constitution, and are unconstitutionally vague.

## FIRST CLAIM

### (42 U.S.C. § 1983 – Fifth Amendment)

38. Plaintiff re-alleges paragraphs 1 through 37 of this Complaint as though fully set forth herein.

39. By leaving in place, enforcing, and/or threatening to enforce the Murrieta Residency Restrictions, Defendant deprives Plaintiff and other Registrants of rights guaranteed by the Fifth Amendment of the United States Constitution, including the rights to life, liberty, property, familial association and due process of law. Defendant commits these unconstitutional acts under color of authority of law.

**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

40. Continued enforcement or threats of enforcement of the Murrieta Residency Restrictions violate the rights of Plaintiff and the rights of other Registrants, which are protected by the Fifth Amendment of the United States Constitution. Therefore, the Murrieta Residency Restrictions are void, both facially and as applied, and should be enjoined and their previous enforcement nullified. The injuries Plaintiff is suffering as a result of the actions of Defendants, and each of them, are severe, irreparable, and ongoing. Immediate and permanent injunctive relief is necessary to halt and prevent further occurrence of these ongoing constitutional deprivations and infliction of irreparable harm.

## SECOND CLAIM

### (28 U.S.C. §1983 – Fourteenth Amendment)

41. Plaintiff re-alleges paragraphs 1 through 40 of this Complaint as though fully set forth herein.

42. By leaving in place, enforcing, and/or threatening to enforce the Murrieta Residency Restrictions, Defendant deprives Plaintiff and other Registrants of rights guaranteed by the Fourteenth Amendment of the United States Constitution, including the Substantive Due Process and Equal Protection Clauses as well as the rights to family autonomy, privileges and immunities, and the right to travel. Defendant commits these unconstitutional acts under color of authority of law.

43. Continued enforcement or threats of enforcement of the Murrieta Residency Restrictions violates the rights of Plaintiff and other Registrants which are protected by the Fourteenth Amendment of the United States Constitution. Therefore, the Murrieta Residency Restrictions are void, both facially and as applied, and should be enjoined and their previous enforcement nullified. The injuries Plaintiff is suffering as a result of the actions of Defendants, and each of them, are severe, irreparable, and ongoing. Immediate and permanent injunctive relief is necessary to halt and prevent further

occurrence of these ongoing constitutional deprivations and infliction of irreparable harm.

## THIRD CLAIM

### (28 U.S.C. § 1983 – Ex Post Facto Clause)

44. Plaintiff re-alleges paragraphs 1 through 43 of this Complaint as though fully set forth herein.

45. By leaving in place, enforcing, and/or threatening to enforce the Murrieta Residency Restrictions, Defendant deprives Plaintiff and other Registrants of rights guaranteed by the Ex Post Facto Clause of the United States Constitution. Defendant commits these unconstitutional acts under color of authority of law.

46. Continued enforcement or threats of enforcement of the Murrieta Residency Restrictions violates the rights of Plaintiff and the rights of other Registrants which are protected by the Ex Post Facto Clause of the United States Constitution. Therefore, the Murrieta Residency Restrictions are void, both facially and as applied, and should be enjoined and their previous enforcement nullified. The injuries Plaintiff is suffering as a result of the actions of Defendants, and each of them, are severe, irreparable, and ongoing. Immediate and permanent injunctive relief is necessary to halt and prevent further occurrence of these ongoing constitutional deprivations and infliction of irreparable harm.

## FOURTH CLAIM

### (28 U.S.C. § 1983 – Void for Vagueness)

47. Plaintiff re-alleges paragraphs 1 through 46 of this Complaint as though full set forth herein.

48. By leaving in place, enforcing, and/or threatening to enforce the Murrieta Residency Restrictions, Defendant unconstitutionally enforces an ordinance that deprives Plaintiff and other Registrants of rights which are protected by the Void for Vagueness Doctrine extended into the Due Process Clauses of the Fifth and Fourteenth

**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Amendments of the United States Constitution. Therefore, the Murrieta Residency Restrictions are void, both facially and as applied, and should be enjoined and their previous enforcement nullified.  The injuries Plaintiff suffers as a result of the actions of Defendants, and each of them, are severe, irreparable, and ongoing.  Immediate and permanent injunctive relief is necessary to halt and prevent further occurrence of these ongoing constitutional deprivations and infliction of irreparable harm.

## FIFTH CLAIM
## (28 U.S.C. §2201 – Declaratory Relief)

49.     Plaintiff re-alleges paragraphs 1 through 51 of this Complaint as though fully set forth herein.

50.     An actual controversy exists between Plaintiff and Defendant regarding the constitutionality and enforceability of the Murrieta Residency Restrictions.

51.     Plaintiff is entitled to a declaration of his rights with regard to the Murrieta Residency Restrictions.

## PRAYER FOR RELIEF

Because of the actions alleged above, Plaintiff seeks judgment against Defendant as follows:

a.     That Defendant be enjoined in perpetuity from enforcing Title 9, Chapter 9.25 of the City of Murrieta Municipal Code;

b.     That Title 9, Chapter 9.25 of the City of Murrieta Municipal Code be declared null and void as unconstitutionally vague and in violation of the Fifth and Fourteenth Amendments of the United States Constitution, the Ex Post Facto Clause of the United States Constitution, and Article XI, Section 7 of the California Constitution;

  c. That Plaintiff recover from the Defendant, under 42 U.S.C. Section 1988, all of Plaintiff's reasonable attorney's fees, costs and expenses of this litigation; and

  d. That Plaintiff recovers such relief as the Court deems just and proper.

Dated: October 6, 2015    LAW OFFICES OF JANICE M. BELLUCCI

          By:  /s/ *Janice M. Bellucci*
             Janice M. Bellucci
             Attorney for Plaintiff

---

13

**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**